## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE is entered by and between Latoshia Oden ("Plaintiff" or "Oden"), Active Pest Control South, Inc. ("Active Pest Control"), and Larry Anthony Carder ("Carder"). Active Pest Control and Carder are sometimes collectively referred to herein as "Defendants." Plaintiff, Active Pest Control, and Carder are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties."

**WITNESSETH:**

**WHEREAS**, through counsel, Plaintiff asserts a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e *et seq.* ("Title VII"), said claims having been captioned and filed as *Latoshia Oden v. Active Pest Control South, Inc. and Larry Anthony Carder*, Case No. 1:19-cv-00824-WMR (N.D. Ga.), filed on February 18, 2019 (the "Lawsuit').

**WHEREAS** Defendants Active Pest Control and Carder have been served with the Lawsuit and deny and continue to deny liability to Plaintiff for the matters alleged or which could have been alleged in the Lawsuit.

**WHEREAS** the Parties desire to settle this Lawsuit and any other claims Plaintiff may have against the parties upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this Lawsuit and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Settlement Agreement and Release.

**WHEREAS** Active Pest Control is willing to provide Plaintiff with certain consideration described below, which it is not ordinarily required to provide, if Plaintiff dismisses the Lawsuit with prejudice, and releases Active Pest Control and Carder from any claims Plaintiff has made or might make arising out of her employment with Active Pest Control or her associations with Active Pest Control and Carder, and agrees to comply with the other promises and conditions set forth in this Settlement Agreement and Release.

## AGREEMENT

1. **Dismissal of the Lawsuit with Prejudice:** Upon execution of this Agreement, the Parties' counsel shall cause to be filed a joint motion for approval of settlement and draft order regarding the same. The Parties further agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement agreement and dismisses the Lawsuit *with prejudice.*

2. **Settlement Consideration:** In exchange for the promises set forth in this Settlement Agreement and Release, Active Pest Control shall pay Plaintiff and her attorney the gross sum of THIRTY-THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($33,500.00) (the "Settlement Proceeds"), as set forth below:

(a) One check to Latoshia Oden for Nine Thousand Eight Hundred Fifty Dollars and No Cents ($9,850.00), less all legally required withholding taxes and payroll deductions (calculated based on the form W-4 already on file for Plaintiff), as payment for claimed but disputed lost wages, for which Active Pest Control will issue or cause to be issued to Plaintiff an IRS Form W-2. Of this amount, Eight Thousand Three Hundred Fifty Dollars and No Cents ($8,350.00) represents claimed back pay damages, including overtime pay, and represents a compromise of disputed issues related to Plaintiff's FLSA claims, and the remaining One Thousand Five Hundred Dollars and No Cents ($1,500.00) represents claimed back pay damages and a compromise of disputed issues related to Plaintiff's Title VII claims. The parties agree these amounts are reasonable allocations to lost wages; and

(b) One check to Latoshia Oden for Nine Thousand Eight Hundred Fifty Dollars and No Cents ($9,850.00), as payment for claimed but disputed non-economic damages, from which no withholdings will be made and for which Active Pest Control will issue or cause to be issued to Plaintiff an IRS Form 1099. This amount is comprised of Eight Thousand Three Hundred Fifty Dollars and No Cents ($8,350.00) of liquidated damages claimed under the FLSA for the Lawsuit and also One Thousand Five Hundred Dollars and No Cents ($1,500.00) of non-wage compensatory damages claimed under Title VII, and also represents a compromise of disputed issues;

(c) One check to Durham Taylor LLC for Thirteen Thousand Eight Hundred Dollars and No Cents for reasonable attorneys' fees and costs. This amount represents payment of all attorneys' fees, costs and expenses incurred by Plaintiff's Counsel in regard to the Lawsuit. Active Pest Control will issue an IRS form 1099 to Durham Taylor LLC for this payment.

(d) Active Pest Control shall provide the consideration identified in Paragraphs 2(a), 2(b), and 2(c) within ten (10) business days after the following: (1) the Effective Date of the Agreement as described in Paragraph 18 of this Agreement; (2) entry of an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against the Parties in the matter of *Latoshia Oden v. Active Pest Control South, Inc. and Larry Anthony Carder*, Case No. 1:19-cv-00824-WMR (N.D. Ga.); and (3) Active Pest Control's receipt of IRS Form W-9s from Plaintiff and her counsel of record, Durham Taylor LLC.

3. **No Rehire and Neutral Employment Reference:** This Agreement is designed to resolve all matters between the Parties and to sever any relationship or dealings they may have now or in the future. Therefore, as part of this Agreement, Plaintiff agrees that her employment with Defendants has ended forever and that she promises never to seek or accept employment with Active Pest Control and/or its parents, subsidiaries, and affiliates (directly or indirectly through a third party vendor who places workers to provide services for and/or on-site at Active Pest Control and/or its affiliates) in the future. Plaintiff further agrees that Active Pest Control and/or any affiliated entity, may reject, with or without reason, any attempt by Plaintiff to work at any of their facilities at their sole discretion. Active Pest Control will provide Plaintiff a neutral reference containing dates of employment and job title only. Prospective employers seeking to verify Plaintiff's employment must contact Pat Anderson at 678-619-4007 who will verify Plaintiff's dates of employment and last position held.

4. **General Release and Waiver of Claims:** The foregoing Settlement Consideration represents full and complete satisfaction of any and all claims Plaintiff may have against Defendants and each of their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, reinsurers, successors, and assigns, if any, and their current and former employees, attorneys, owners, officers, directors, and agents thereof, both individually and in their business capacities, if any and their employee benefit plans

and programs and their administrators and fiduciaries, if any (collectively referred to throughout the remainder of this Agreement as the "Released Parties") (including back pay, compensatory and punitive damages, exemplary damages, liquidated damages, expenses, costs, and attorneys' fees), including, but not limited to, any claim that was asserted or could have been asserted in a Charge, Complaint or otherwise. It specifically releases any and all federal and state law claims that can be released by this Settlement Agreement and Release. It does not include any claims that legally cannot be released by this Settlement Agreement and Release. This release does not include and is not intended to release any claims that Plaintiff may have in the future for matters that occur after the Effective Date of this Settlement Agreement and Release.

In consideration of the foregoing, Plaintiff surrenders, releases, acquits and discharges Defendants of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, compensation, punitive damages, and all losses, demands and damages of whatsoever nature or kind in law or in equity, that could reasonably be known, arising on or before the Effective Date of this Settlement Agreement and Release. The release of claims includes, without limitation, those claims arising out of, under, or by reason of any and all claims which were or could have been asserted in the Lawsuit and before a court and/or any federal or state agency with jurisdiction to hear related claims.

Without limiting the generality of the foregoing, Plaintiff specifically releases and discharges Defendants of any obligation, claim, demand or cause of action based on or arising out of any alleged violation of any legal duty owed to Plaintiff by Defendants under any contract, or under any federal, state or local statutes, ordinances or common laws, and waives all claims relating to, arising out of, or in any way connected with her employment and/or alleged employment with Defendants, the cessation of that employment, alleged employment, or association, the compensation or benefits payable in connection with that employment, or the cessation of that employment, alleged employment, or association, any property left in the possession of Defendants, and/or any other interaction with Defendants, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; (b) The Americans With Disabilities Act of 1990, as amended, including amendments by the Americans With Disabilities Act Amendments Act, 42 U.S.C. § 12101, et seq.; (c) The Equal Pay Act, as amended, 29 U.S.C. § 206, et seq.; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.; (f) the National Labor Relations Act, 29 U.S.C. § 151, et seq.; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq.; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 et seq.; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.; (j) The Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"); (k) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (l) 26 U.S.C. § 7434; (m) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (n) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Paragraph 2; and (o) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Plaintiff further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Plaintiff further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages,

other damages or any form of relief based upon any claims that have been asserted, could have been asserted or settled in this lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against the Released Parties. Finally, the above release excludes any claim which cannot be released by private agreement.

5. **Affirmations.** Plaintiff promises that no person, organization or any other entity acting on her behalf will or has filed, charged, claimed, sued or caused or permitted to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against Defendants involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, or involving and based upon any claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release, that reasonably could have been known, whether asserted or unasserted. Nothing in this paragraph precludes the filing of Charges or Complaints, but Plaintiff agrees she will not receive nor accept direct and/or indirect monetary benefit from any Charge or Complaint that is filed. Plaintiff acknowledges and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph. To the extent that this Settlement Agreement and Release cannot provide a complete defense, it may be used by Defendants to assert defenses of set off and recoupment.

6. **Breach of Agreement.** The Parties' respective obligations to perform under this Settlement Agreement and Release are conditioned upon the other Party's agreements and promises as set forth herein. The Parties acknowledge that a breach of any such agreement or promise may be actionable in a court of competent jurisdiction and that the breaching party may be liable to the other party in damages and may further be subject to imposition of injunctive remedies to enforce the provisions of this Settlement Agreement and Release.

7. **No Assignment:** Plaintiff represents and warrants that Plaintiff has not assigned or sold, or in any way disposed of the claims being released to anyone and that Plaintiff will save and hold Defendants harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including attorneys' fees, arising from a complete or partial assignment of the claims released.

8. **No Admission of Liability:** This Settlement Agreement and Release is the compromise of a disputed claim and is not to be construed as an admission of liability on the part of Defendants and in fact, Active Pest Control and Carder expressly deny any liability whatsoever to Plaintiff.

9. **Complete Agreement:** There are no collateral or outside agreements, promises or undertakings other than those expressly stated herein. This Settlement Agreement and Release sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter. This Settlement Agreement and Release may not be modified except in writing signed by all Parties. It is binding upon the Parties and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of all Parties released herein.

10. **Applicable Law:** This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said state. This Settlement Agreement and Release shall not be construed with a presumption for or against

Plaintiff or Active Pest Control. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

11. **Non-Disparagement** Plaintiff shall refrain from disparaging Released Parties' products or services, or current and former employees or employment practices or business practices to any third party, including but not limited to Released Parties' customers.

12. **Confidentiality:** Although the Parties agree and understand that the terms of this Settlement Agreement and Release and the Settlement Agreement and Release itself will be filed on PACER and in the public record and are thus not confidential, Plaintiff and Plaintiff's counsel agree to make no statement to the media relative to this settlement and Settlement Agreement and Release, and to make no press or media release or otherwise publish on social media the terms of this settlement or Settlement Agreement and Release. They also agree that they will also not publicize the settlement, any details or terms of the Settlement Agreement and Release, or any of the events and negotiations surrounding the Settlement Agreement and Release except to immediate family members, attorneys, tax counselors, financial advisors, or as required by law. If asked about the settlement or the Settlement Agreement and Release by all other persons, Plaintiff and Plaintiff's Counsel agree to say the matter "settled" or "resolved." The Parties agree that the terms of Paragraph 12 are a material inducement for the execution of this Agreement. Any disclosure or dissemination, other than as expressly permitted above, will regarded as a breach of this Settlement Agreement and Release and a cause of action shall immediately accrue for damages.

13. **Notice Requirements:** Any notice ("Notice") provided for under this Agreement must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. The Parties' addresses for providing Notices hereunder shall be as follows:

> Latoshia Oden
> c/o Lisa D. Taylor
> Durham Taylor LLC
> 1650 Whippoorwill Road
> Watkinsville, Georgia 30677
>
> Active Pest Control South, Inc.
> Larry Anthony Carder
> c/o Rachel P. Kaercher
> Littler Mendelson, P.C.
> 3344 Peachtree Road, N.E.
> Suite 1500
> Atlanta, Georgia 30326

14. **Knowledge and Understanding:** The Parties declare and agree that:

    (a)    They have been advised to consult with an attorney prior to executing this Agreement;

(b) They have availed themselves of all opportunities they deem necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement;

(c) They have signed this Agreement free of duress or coercion; and,

(d) They are fully aware of their rights and have carefully read and fully understand all provisions of this Agreement before voluntarily signing;

15. **Entire Agreement:** This Settlement Agreement and Release contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, proposals, representations, arrangements or understandings, written or oral, among the Parties with respect to such subject matter. Plaintiff, however, agrees to continue to abide by the terms of the Non-Compete and Confidentiality Agreement between the parties, which survives this Agreement.

16. **Counterparts and Right:** This Settlement Agreement and Release may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Electronically provided signatures, such as scanned, imaged or "PDF" versions of originals, facsimile (whether telephonic, computer-based or other method of transmittal), photocopies or other similarly duplicated, reproduced or transmitted accurate record of original signatures shall be equivalent to original, full handwritten signatures and any other pen marking method of executing this Settlement Agreement and Release

17. **Tax Liability:** The Parties understand that Plaintiff's Attorney, Defendants' Attorney, and Defendants did not provide any tax advice. The Parties agree to separately seek tax advice from a qualified tax professional of their own choice. In paying the amount specified in Paragraph 2, Defendants make no representation regarding the tax consequences or liability arising from said payments. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Defendants have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in this Agreement to Plaintiff as required by its terms). Plaintiff agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. Plaintiff further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above-recited sums. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against them, they shall promptly, after receipt of such written notice, notify Plaintiff by letter sent to counsel for Plaintiff.

18. **Advice of Counsel and Time to Consider.** Through this clause of the Agreement, Plaintiff acknowledges that she has consulted with her attorney regarding the terms of this Agreement, including whether to sign this Agreement. Plaintiff acknowledges that she has been given at least twenty-one (21) days from the time that she receives this Agreement to consider whether to sign it and that she had the full opportunity to discuss this Agreement with counsel prior to signing it. If Plaintiff has signed this Agreement before the end of this twenty-one (21) day period, it is because she freely chose to do so after carefully considering its terms. Additionally, Plaintiff shall have seven (7) days from the date she signs this Agreement to change her mind and revoke the Agreement (through written notice to Rachel P. Kaercher of Littler Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 1500, Atlanta, Georgia 30326). If Plaintiff does not revoke this Agreement with seven (7) days of her signing, this Agreement will become

final and binding on the day following such seven (7) day period. This date will be the "Effective Date" of the Agreement.

19.     **Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance here from.

CONSULT WITH YOUR ATTORNEY.
READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF CLAIMS.

**AGREED TO AND EXECUTED BY THE UNDERSIGNED PARTIES
I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE, UNDERSTAND
IT AND AM SIGNING IT VOLUNTARILY**

_____     Date: 7-18-19
Latoshia Oden

_____     Date: 7-31-19
Active Pest Control South, Inc.
By

_____     Date: 7-31-19
Larry Anthony Carder